**FILED**

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 1 2 2019 ★

UNITED STATES DISTRICT COURT
EASTERN DISTRIT OF NEW YORK BROOKLYN OFFICE

-------------------------------------------------------------------X

D.M., mother and natural guardian of M.W.M. and
D.M. Individually,

               Plaintiff,

      -against-

THE CITY OF NEW YORK & NEW YORK CITY
DEPARTMENT OF EDUCATION,

             Defendants.

-------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Case No.:

**CV 19 - 6975**

**BRODIE, J.**

**MANN. M.J.**

## PRELIMINARY STATEMENT

1. Plaintiff D.M. is the mother and natural guardian of M.W.M., a minor.

2. During the relevant dates referenced herein and to date, the plaintiffs have resided in Richmond Hill, New York.

3. The defendants, the City of New York (hereinafter "City") and the New York City Department of Education (hereinafter "DOE") are municipal entities duly existing by virtue of the law of the City and State of New York.

4. The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff by the order of IHO Diane Ciccone dated December 16, 2016.

5. The plaintiff is a prevailing party in the above-mentioned due process proceedings and to date, the claim for legal fees has yet to be settled by defendants.

6. The within action is brought within the statute of limitations and is timely.

## JURISDICTION AND VENUE

7.   Jurisdiction is conferred upon this Court by the Individuals with Disabilities in Education Act (IDEA) at 20 U.S.C. §1400 et. seq., and more specifically 20 U.S.C. 1415(i)(3)(B).

8.   Pursuant to 20 U.S.C. §1391(b) venue is proper in the Unites States District Court of New York, Eastern District.

## STATEMENT OF FACTS

9.   On July 1, 2016, an impartial hearing complaint was filed alleging that defendants failed to provide FAPE to M.W.M.  In addition, an interim order was requested for various evaluations and a deferment to the Central Based Support Team for a nonpublic school program.

10. During the impartial hearing proceedings, the defendants' District Representative conceded that FAPE was not provided during the relevant school year(s) alleged in the impartial hearing complaint.

11. During the impartial hearing proceedings, the IHO ordered interim evaluations for M.W.M. as requested by D.M. in the due process complaint.

12.  The IHO found that M.W.M. required a small structured, supportive, language-based classroom, housed within a nurturing special education school setting, with educators who can address his specific language, executive functioning, and social-emotional needs.  As a result of the IHO's determination on placement, M.W.M. was deferred to the Central Based Support Team and placed in a nonpublic school as a result of the due process proceedings brought by D.M.

13.  In order to remedy the denial of FAPE in the complained of school year(s), the IHO awarded 650 hours of compensatory tutoring as requested by the parent.

14. The plaintiff has exhausted all necessary administrative remedies prior to bringing this action for attorneys fees.

15. The plaintiff is a prevailing party in the underlying due process proceedings pursuant to 20 U.S.C. §1415(i)(3)(B). Plaintiff obtained favorable results in the underlying due process proceedings that were not occasioned by the defendant City's of DOE's voluntary change of conduct, but rather, was based on the determinations made in the impartial hearing decision by the IHO.

16. As plaintiff is a prevailing party in the underlying due process proceedings which are the subject of the instant litigation, legal fees should be awarded.

## REQUESTS FOR RELIEF

17. The plaintiff, as a prevailing party in the underlying due process proceedings involving the defendants, requests that an award be issued in his favor for the costs of prosecuting and bringing this action, reasonable attorneys fees which have or will be incurred in the prosecution of this action and attorneys fees which have been incurred in the exhaustion of administrative remedies in the proceedings below pursuant to 20 U.S.C. §1415(i)(3)(B).

Dated: Brooklyn, New York
      December 12, 2019

Erika L. Hartley, Esq.
LAW OFFICE OF ERIKA L. HARTLEY
Attorney for Plaintiffs
D.M. as m/n/g of M.W.M.
238 Covert Street, Suite 2
Brooklyn, New York 11207
(866) 478-3324

## PETITIONER VERIFICATION

D.M., being duly sworn deposes and states the following pursuant

to the penalties of perjury:

1.  I am the parent of M.W.M. and am the Plaintiff in this action, and as such, I am fully

familiar with the facts and circumstances in this action.

2.  I have read and reviewed the contents of the complaint and know the contents thereof.

3.  The same are true to my knowledge, except as to those matters therein stated to be

alleged upon information and belief, I believe them to be true.


Dated:  Richmond Hill, New York
        December 12, 2019

_____
D.M.


Sworn to before me this
12th day of December 2019.

NOTARY PUBLIC


ERIKA L. HARTLEY
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HA6083023
Qualified in Kings County
My Commission Expires 12-14-20 22

UNITED STATES DISTRICT COURT
EASTERN DISTRIT OF NEW YORK

-----------------------------------------------------------------X

D.M., mother and natural guardian of M.W.M. and
D.M. Individually,

                    Plaintiff,

      -against-

THE CITY OF NEW YORK & NEW YORK CITY
DEPARTMENT OF EDUCATION,

                  Defendants.

-----------------------------------------------------------------X

**VERIFIED COMPLAINT**

Case No.:

## PRELIMINARY STATEMENT

1. Plaintiff D.M. is the mother and natural guardian of M.W.M., a minor.

2. During the relevant dates referenced herein and to date, the plaintiffs have resided in Richmond Hill, New York.

3. The defendants, the City of New York (hereinafter "City") and the New York City Department of Education (hereinafter "DOE") are municipal entities duly existing by virtue of the law of the City and State of New York.

4. The within action is brought to recover attorney's fees arising out of special education due process proceedings resolved in favor of the plaintiff by the order of IHO Diane Ciccone dated December 16, 2016.

5. The plaintiff is a prevailing party in the above-mentioned due process proceedings and to date, the claim for legal fees has yet to be settled by defendants.

6. The within action is brought within the statute of limitations and is timely.

## JURISDICTION AND VENUE

7.   Jurisdiction is conferred upon this Court by the Individuals with Disabilities in Education Act (IDEA) at 20 U.S.C. §1400 et. seq., and more specifically 20 U.S.C. 1415(i)(3)(B).

8.   Pursuant to 20 U.S.C. §1391(b) venue is proper in the Unites States District Court of New York, Eastern District.

## STATEMENT OF FACTS

9.   On July 1, 2016, an impartial hearing complaint was filed alleging that defendants failed to provide FAPE to M.W.M.  In addition, an interim order was requested for various evaluations and a deferment to the Central Based Support Team for a nonpublic school program.

10. During the impartial hearing proceedings, the defendants' District Representative conceded that FAPE was not provided during the relevant school year(s) alleged in the impartial hearing complaint.

11. During the impartial hearing proceedings, the IHO ordered interim evaluations for M.W.M. as requested by D.M. in the due process complaint.

12.  The IHO found that M.W.M. required a small structured, supportive, language-based classroom, housed within a nurturing special education school setting, with educators who can address his specific language, executive functioning, and social-emotional needs.  As a result of the IHO's determination on placement, M.W.M. was deferred to the Central Based Support Team and placed in a nonpublic school as a result of the due process proceedings brought by D.M.

13.  In order to remedy the denial of FAPE in the complained of school year(s), the IHO awarded 650 hours of compensatory tutoring as requested by the parent.

14. The plaintiff has exhausted all necessary administrative remedies prior to bringing this action for attorneys fees.

15. The plaintiff is a prevailing party in the underlying due process proceedings pursuant to 20 U.S.C. §1415(i)(3)(B). Plaintiff obtained favorable results in the underlying due process proceedings that were not occasioned by the defendant City's of DOE's voluntary change of conduct, but rather, was based on the determinations made in the impartial hearing decision by the IHO.

16. As plaintiff is a prevailing party in the underlying due process proceedings which are the subject of the instant litigation, legal fees should be awarded.

## REQUESTS FOR RELIEF

17. The plaintiff, as a prevailing party in the underlying due process proceedings involving the defendants, requests that an award be issued in his favor for the costs of prosecuting and bringing this action, reasonable attorneys fees which have or will be incurred in the prosecution of this action and attorneys fees which have been incurred in the exhaustion of administrative remedies in the proceedings below pursuant to 20 U.S.C. §1415(i)(3)(B).

Dated: Brooklyn, New York
      December 12, 2019

Erika L. Hartley, Esq.
LAW OFFICE OF ERIKA L. HARTLEY
Attorney for Plaintiffs
D.M. as m/n/g of M.W.M.
238 Covert Street, Suite 2
Brooklyn, New York 11207
(866) 478-3324

## PETITIONER VERIFICATION

D.M., being duly sworn deposes and states the following pursuant

to the penalties of perjury:

1.  I am the parent of M.W.M. and am the Plaintiff in this action, and as such, I am fully

familiar with the facts and circumstances in this action.

2.  I have read and reviewed the contents of the complaint and know the contents thereof.

3.  The same are true to my knowledge, except as to those matters therein stated to be

alleged upon information and belief, I believe them to be true.


Dated:  Richmond Hill, New York
        December 12, 2019

_____
D.M.


Sworn to before me this
12th day of December 2019.

_____
NOTARY PUBLIC


ERIKA L. HARTLEY
NOTARY PUBLIC-STATE OF NEW YORK
No. 02HA6083023
Qualified in Kings County
My Commission Expires 12-14-2022